2010 BNH 005

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW HAMPSHIRE

In re:  Bk. No. 08-11202-JMD
  Chapter 13
James A. Rodger and
Jana M. Rodger,
 Debtors

*Mark P. Cornell, Esq.*
*Cornell and Ovitt Puc, PLLC*
*Concord, New Hampshire*
*Attorney for Debtors*

*Lawrence P. Sumski, Esq.*
*Chapter 13 Trustee*
*Manchester, New Hampshire*

## MEMORANDUM OPINION

**I. INTRODUCTION**

On January 22, 2010, Lawrence Sumski, the chapter 13 trustee (the "Trustee"), filed a motion to modify the Debtors' confirmed chapter 13 plan (Doc. No. 42) (the "Motion") to require the Debtors to pay annual tax refunds to him for the remainder of the term of their plan for distribution to creditors. The Debtors filed their objection to the Motion (Doc. No. 45) (the "Objection") and the matter was scheduled for an expedited hearing with the consent of both parties. For the reasons discussed in this opinion, the Debtors' objections are overruled and the Motion shall be granted.

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States

Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## II. FACTS

The Trustee filed the Motion as a result of two prior decisions by the Court. The Court has held that income tax refunds constitute disposable income which must be used to fund a debtor's chapter 13 plan. In re Michaud, 399 B.R. 365, 375 (Bankr. D.N.H. 2008). The Court has also held that the Trustee may seek modification of plans confirmed before the Michaud decision with respect to future income tax refunds, but not with respect to refunds received before the filing of any motion to modify. In re Watson, 417 B.R. 165, 170-71 (Bankr. D.N.H. 2009).

The Debtors are below median income debtors. They filed a petition under chapter 13 of the Bankruptcy Code on May 2, 2008, and their chapter 13 plan was confirmed on July 1, 2008, before the Michaud decision. Consistent with chapter 13 plans confirmed in this district before the implementation of the Michaud decision, the Debtors' plan does not contain any provision requiring them to send any annual income tax refund to the Trustee for distribution to creditors. The term of the Debtors' confirmed chapter 13 plan is five years.

## III. DISCUSSION

The Debtors object to the Motion on a number of grounds, which the Court will address in turn.

### A. Res Judicata

The Debtors contend that the Trustee could have raised the issue regarding inclusion of their income tax refunds at the time of the confirmation of their chapter 13 plan but did not do so. Therefore, they contend that res judicata bars his attempt to raise the issue through the Motion. Res judicata, however, is not a bar to post-confirmation modification of a chapter 13 plan under § 1329 of the Bankruptcy Code. Barbosa v. Solomon, 235 F.3d 31, 38 (1st Cir. 2000); In re Witkowski, 16 F.3d 739, 748 (7th Cir. 1994).

### B. Income Tax Refund for a Prior Year is a Vested Property Right Which a Motion to Modify May Not Affect Retroactively

The Debtors contend that their tax refund for calendar year 2009 is an asset that accumulated, or was "earned," by the Debtors during a time period before the filing of the Motion and, therefore, should not be subject to any modification motion or order filed or entered after calendar year 2009. The Debtors argue that such treatment would be consistent with the treatment of income tax refunds in chapter 7 cases where the refund is prorated between the debtor and the chapter 7 estate. The Debtors' argument fails because, unlike in chapter 7, any income tax refund due to the Debtors on account of income earned in 2009 is property of the estate as it was all earned after the commencement of the case. 11 U.S.C. § 1306(a)(2).

### C. Below Median Debtors Are Not Required to Contribute Their Disposable Income Beyond the Applicable Commitment Period

The Debtors contend that they cannot be compelled to pay any income tax refunds to the Trustee after the end of the "applicable commitment period," which is defined in § 1325(b)(4)(A)(i) of the Bankruptcy Code, because § 1325(b)(1) does not require them to pay their disposable income beyond the end of that period. Section 1325(b)(1) provides:

> If the trustee or the holder of an allowed unsecured claim objects to confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan–
> . . .
> (B) the plan provides that all of the debtor's projected disposable income to be received in the applicable commitment period . . . will be applied to make payments to unsecured creditors under the plan.

11 U.S.C. § 1325(b)(1). Since the Debtors are "below median" and their plan does not pay unsecured creditors in full, the applicable commitment period in this case is three years. 11 U.S.C. § 1325(b)(4)(A)(i). According to the Debtors, they cannot be compelled to pay to the Trustee any income tax refunds received more than three years after the date of their first plan payment.

The Debtors' construction of § 1325(b)(1) is misplaced. Section 1325(b)(1) is not a formula for determining how much a below median debtor must pay under a chapter 13 plan. Rather, the section serves to set the minimum term of a chapter 13 plan. If a chapter 13 plan does not propose to pay unsecured creditors in full, it must have a term of at least the applicable commitment period. For above median income debtors, that period is five years. 11 U.S.C. § 1325(b)(4)(A)(ii). For below median debtors, that period is three years. 11 U.S.C. § 1325(b)(4)(A)(i). While § 1325(b)(1) does set the minimum term for chapter 13 plans that do not propose to pay unsecured creditors in full, it does not set the maximum term of a chapter 13 plan. Instead, the maximum term for a chapter 13 plan is determined under § 1322(d). For an above median debtor, the maximum term is five years, which is also the applicable commitment period. 11 U.S.C. § 1322(d)(1). For a below median debtor, the maximum term is three years, unless the Court, for cause, approves a longer period with the term of the plan not to exceed five years. 11 U.S.C. § 1322(d)(2).

4

The provisions of § 1325(b) mean that a below median debtor, whose projected disposable income will not pay unsecured creditors in full in three years or less, may not be compelled by creditors, a trustee, or the Court to submit a plan with a longer term. The provisions of § 1322(d)(2) permit below median debtors, however, to elect to submit a plan with a longer term, not to exceed five years, if they need to do so and the Court finds cause for the longer term. Nothing in § 1322 states, or even suggests, that below median debtors are not required to submit their disposable income to fund their chapter 13 plan for the full term of the plan. Thus, § 1325(b)(1) acts solely to set the minimum term of a chapter 13 plan that debtors may be compelled to propose. If a below median debtor elects to propose a longer term than three years, and the Court for cause approves such longer term, the requirements for payment of disposable income in years four and five of the plan remain the same as those in the first three years of the plan. Nothing in the language or policies of the Bankruptcy Code suggest otherwise.

  D.  **Income Tax Refunds Turned Over to the Trustee Should Be Applied First to Payment Obligations in Years Four and Five to Shorten the Term of the Plan**

The Debtors contend that, if the Motion is granted and income tax refunds must be turned over to the Trustee, those refunds should be applied first to payment obligations in years four and five of their plan, thereby shortening the plan. The basis for the Debtors' argument is that below median debtors cannot be compelled to pay their disposable income in years four and five of a confirmed plan. They argue that the Trustee is seeking to increase the payments under their confirmed plan beyond what is necessary to satisfy the requirements of the Bankruptcy Code.

This objection to the Motion fails for two reasons. First, for the reasons discussed in section III.C above, the Debtors, who voluntarily proposed and obtained confirmation of a five year plan, can be compelled to pay their disposable income during years four and five of the

plan.  Second, the modification before the Court only deals with payment of income tax refunds, which are disposable income, during the term of the plan proposed by the Debtors.  The Motion does not propose to alter the term of the plan.  If the Debtors want to propose a reduction in the term of the plan in light of the Trustee's Motion, the Debtors are free to do so.  See 11 U.S.C. § 1329(a)(2).  If and when a motion to modify the term of the plan is before the Court, the Court will determine whether the term of the plan may be modified, consistent with the requirements of the Bankruptcy Code.

### IV.  CONCLUSION

For the reasons set forth in this opinion, the Motion shall be granted.  This opinion constitutes the  Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.  The Court shall issue a separate order consistent with this opinion and the decisions in Michaud and Watson.

ENTERED at Manchester, New Hampshire.


Date:   February 5, 2010                    /s/ J. Michael Deasy
                                            J. Michael Deasy
                                            Bankruptcy Judge